UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THERESA L. DUKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:09-cv-1440-JMS-DML |
| ) | |
| ERIC COX, et al., ) | |
| ) | |
| Defendants. ) | |

## Order Following *In Camera* Review

On June 8, 2011, the court held a discovery hearing on plaintiff Theresa L. Dukes's objection to production of certain medical records the defendants sought in discovery. As reflected in its entry dated June 10, 2011, the court ordered Ms. Dukes to produce (1) all mental and emotional health information for the 10-year period before the incident at issue (which occurred in November 2007), erring on the side of concluding that treatment is pertinent to mental and emotional health, and (2) all physical medical health records for that period "to the extent that the record relates in any way or is similar to the physical injuries the plaintiff claims in this case." (*See* Dkt. 77).

Following the court's June 10 entry, the parties brought to the court's attention several disputes about whether Ms. Dukes has produced all of the records she was ordered to produce. At a telephone status conference held September 16, 2011, the parties identified one remaining dispute regarding the medical records: whether redactions Ms. Dukes made to some of the medical records are appropriate. Defendants Eric Cox, Joe Schmidt, and Jeff Sego have requested that the court order Ms. Dukes to produce her medical records without redactions. The court ordered Ms. Dukes to submit the records for an *in camera* inspection by the court and

permitted the parties to file briefs on the applicable legal analysis governing the withholding or redaction of medical records in this case. (*See* Dkt. 103).

The defendants' position (Dkt. 102) is that the court should not permit Ms. Dukes to redact *any* information from her medical records because only an expert in the pertinent medical field(s) is capable of determining whether information in a plaintiff's medical records is relevant to the medical conditions a plaintiff has put at issue in litigation. Their position—which they have supported with neither legal authority nor discussion of the particular physical and emotional injuries for which Ms. Dukes seeks damages in this case—goes too far. Its logic would mean that a plaintiff's entire medical history is always relevant and discoverable in every case in which he or she claims damages for any personal injury. That position is inconsistent with myriad case law—state and federal—addressing the boundaries of discovery in personal injury cases and the *extent* to which a plaintiff has put his or her medical history at issue.

For example, in cases governed by the Indiana rules of trial procedure, the Indiana Supreme Court has forbidden defense counsel from interviewing a personal injury plaintiff's doctors on an *ex parte* basis because of the risk that defense counsel could inquire into and obtain (inadvertently or not) medical information that the plaintiff has not put at issue and which remains protected from disclosure by the doctor-patient evidentiary privilege. *Cua v. Morrison,* 626 N.E.2d 581, 584 (Ind. Ct. App. 1993), *aff'd and adopted,* 636 N.E.2d. 1248 (Ind. 1994). Courts in this district, while allowing in some circumstances *ex parte* interviews of a plaintiff's doctors, recognize the need to protect against defense counsel's probing of sensitive medical information that is not relevant to the litigation. *See Patton v. Novartis Consumer Health, Inc.,* 2005 WL 1799509 (S.D. Ind. July 25, 2005). In *Patton,* then-district Judge Hamilton noted that a party's waiver of doctor-patient privilege by filing suit and putting medical conditions at issue

applies only to "'those matters causally and historically related to the condition put in issue *and which have a direct medical relevance to the claim, counterclaim, or defense made.*'"  2005 WL 1799509 at *1 (quoting *Collins v. Bair,* 268 N.E.2d 95, 101 (Ind. 1971) (emphasis in *Collins*)). The defendants' assertion that they and their experts—and not the court—must be the sole and final arbiters of what medical information is relevant cannot be squared with these decisions.

      The court has carefully reviewed the medical records submitted by Ms. Dukes.  Although the court can agree in principle with the defendants that a court may not *always* have the necessary expertise to distinguish relevant medical information from irrelevant medical information, the court is confident that it can do so with respect to the redacted medical records and information at issue here.  Except for some general medical history and vital signs information appearing on page two of a March 12, 2003 record from Sarasota Memorial Healthcare System, the medical information redacted by Ms. Dukes is not relevant to the physical and mental health matters at issue in this litigation, and Ms. Dukes is not required to provide it in an unredacted form.  With respect to page two of the Sarasota record, the court orders that Ms. Dukes revise her redaction so that the following information is revealed:  (1) The first sentence of the second full paragraph beginning with "She also" and ending with "excise" and (2) All of the next 10 paragraphs, beginning with the paragraph starting "Her past medical" and ending with the paragraph (or line) that starts with the word "Cardiovascular."  Ms. Dukes may maintain the redactions to the top two lines on page 2, the first full paragraph on page 2, the portion of the second full paragraph not described above, and the last two lines on page 2.

## Conclusion

      Ms. Dukes is granted a protective order against providing any of the redacted information and records to the defendants (except for the information identified above).  For the

revised redacted page 2, Ms. Dukes shall produce the revised document to the defendants within fourteen (14) days of this entry. In addition, by separate entry, the court will enter a protective order so that medical information (or other sensitive, private information) is maintained in confidence and restricted to use for purposes of this litigation only.[1]

    So ORDERED.

Date:   10/17/2011

                                    Debra McVicker Lynch
                                    United States Magistrate Judge
                                    Southern District of Indiana

Distribution:

Scott Leroy Barnhart
INDIANA OFFICE OF THE ATTORNEY GENERAL
scott.barnhart@atg.in.gov

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov

Theresa L. Dukes
133 West Market Street, #307
Indianapolis, IN 46204

---

[1] Ms. Dukes recently filed a Request for Copy of Transcript and Request for Continuance of Response (Dkt. 108). As for her request for a transcript of the September 16, 2011 conference, Ms. Dukes need not seek leave of court to obtain a transcript; she need only make arrangements with the court reporter to purchase a transcript. To the extent Ms. Dukes seeks by her motion a copy of the transcript without charge, her motion does not establish the necessary grounds for that request. Her motion is DENIED WITHOUT PREJUDICE. As to the request for a continuance to respond as permitted by the court's earlier order, the court has already granted Ms. Dukes one continuance and, in light of this order, a response is unnecessary. That request is also therefore DENIED.