UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THERESA L. DUKES, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:09-1440-JMS-DML |
| | ) | |
| ERIC COX, *et al.*, | ) | |
| *Defendants.* | ) | |

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

Presently pending before the Court is Defendants Deputy Sergeant Eric Cox and Deputy Joe Schmidt's Motion for Partial Summary Judgment.[1]  [Dkt. 149.]  The Defendants ask for summary judgment on Plaintiff Theresa Dukes' civil conspiracy claim, arguing that she has failed to put forth any direct or circumstantial evidence that the Defendants entered into an agreement to cover-up the alleged use of excessive force in violation of Ms. Dukes' civil rights. For the following reasons, the Court grants summary judgment in favor of the Defendants on Ms. Dukes' civil conspiracy claim.

## I.
### STANDARD OF REVIEW

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor.  *See* Fed. R. Civ. Pro. 56.  To survive a motion for summary judg-

---

[1] Detective Jeff Sego has not joined this motion; however, the reasons for which the Court dismisses Ms. Dukes' civil conspiracy claim against Deputy Sergeant Cox and Deputy Schmidt are equally effective at barring Ms. Dukes' civil conspiracy claim against Detective Sego.  Therefore, the Court will address the viability of Ms. Dukes' civil conspiracy claim as to all three Defendants collectively.  *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (holding that where one defendant files a motion that is equally effective in barring the claim against the other defendants, the Court may *sua sponte* enter judgment in favor of the additional non-moving defendant).

ment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial.  Fed. R. Civ. Pro. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits.  Fed. R. Civ. Pro. 56(c)(1)(A).  A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact.  Fed. R. Civ. Pro. 56(c)(1)(B).  Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated.  Fed. R. Civ. Pro. 56(c)(4).   Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment.  Fed. R. Civ. Pro. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. Pro. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson v. Cambridge Indus.*, 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment.  *Id.* at 901.

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims or a defendant's affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact.  *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999).  And when evaluating this inquiry, the Court must give the

non-moving party the benefit of all reasonable inferences from the evidence submitted and re-solve "any doubt as to the existence of a genuine issue for trial . . . against the moving party." *Celotex*, 477 U.S. at 330.

## II.
### BACKGROUND

The following facts are not in dispute.  On November 19, 2007, Ms. Dukes was in a bed-room at the Greenwood home of Donna Branine, when Detective Sego, an off-duty detective with the Indiana State Troopers, arrived at the home to remove Ms. Dukes from the premises. [Dkts. 55 at 3; 156 at 6, 9.]  Detective Sego attempted to enter the bedroom where Ms. Dukes was located, and Ms. Dukes called the police.  [Dkt. 55 at 3-4.]  Deputy Sergeant Cox and Depu-ty Schmidt were dispatched to the Branine residence from the Johnson County Sheriff's Depart-ment.  [Dkts. 55 at 4; 149-1 at 3; 149-2 at 2-3.]

Although the parties dispute what happened next, for purposes of resolving the motion at issue, their disputes are immaterial because they agree that Ms. Dukes was ultimately arrested after an encounter with the Defendants.[2]  [Dkts. 149-3 at 8; 149-1 at 3; 149-2 at 3.]  As a result of this encounter, Ms. Dukes filed this civil suit against the Defendants, alleging claims for civil conspiracy pursuant to 42 U.S.C. § 1983, assault, battery, and gross negligence.  [Dkt. 55 at 2-10.]  Presently pending before the Court is a motion for summary judgment on Ms. Dukes' civil conspiracy claim.

---

[2]  Ms. Dukes alleges that she was forced face down onto a bed and repeatedly struck by the De-fendants before she was arrested.  [Dkt. 55 at 5.]  The Defendants deny those allegations.  [Dkts. 43 at 4; 45 at 5.]  Ms. Dukes was criminally charged with trespassing, resisting law enforcement, disorderly conduct, and battery on a police officer as a result of the encounter; however, the charges were later dropped.  [Dkt. 169 at 7, 12.]

## III.

### DISCUSSION

Ms. Dukes asserts that the police officers "conspired to cover-up the use of excessive force against her in violation of her constitutional rights." [Dkt. 55 at 6.] The Defendants ask for summary judgment on Ms. Dukes' civil conspiracy claim, arguing that she has failed to put forth any direct or circumstantial evidence that they entered into a conspiracy to cover up the use of excessive force in violation of her civil rights.

The first step in analyzing a 42 U.S.C. § 1983 claim is to identify the specific constitutional injury. *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995). Conspiracy is not an independent basis of liability, *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008); instead, to sustain a cause of action for conspiracy under § 1983, the plaintiff "must show that a conspiracy existed and that it deprived [her] of rights protected by federal law," *Vasquez*, 60 F.3d at 330. The right of individuals to pursue legal redress for claims that have a reasonable basis in law and fact is protected by the First and Fourteenth Amendments. *Id.* at 328. A corollary of this right is that efforts by state actors to impede an individual's access to courts may provide the basis for a constitutional claim under § 1983. *Id.* For example, "when police officers conceal or obscure important facts about a crime from its victims rendering hollow the right to seek redress [in court], constitutional rights are undoubtedly abridged." *Id.*

To establish § 1983 liability through a conspiracy theory, the plaintiff must demonstrate that there was an understanding involving a state actor to deprive the plaintiff of her constitutional rights and that those individuals were "willful participants in joint activity with the State or its agents." *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003). Although a conspiracy may be established by circumstantial evidence, the Seventh Circuit Court of Appeals has "stressed that such evidence cannot be speculative." *Id.* While the plaintiff's deposition may constitute af-

- 4 -

firmative evidence sufficient to defeat summary judgment, "conclusory statements in the deposition do not create an issue of fact." *Id.*

The Seventh Circuit has made it clear that an agreement to cover-up unconstitutional conduct does not result in a viable civil conspiracy claim when the plaintiff witnessed or participated in the alleged unlawful conduct and, therefore, had knowledge of the pertinent facts to seek redress in court. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423-24 (7th Cir. 2000). In other words, if the plaintiff was present for the allegedly unlawful events, even if the evidence suggests that the defendants resolved to cover-up those events, "a jury could not find for the [plaintiff] on the cover-up claim because the facts that [she] needed to recover for [her] asserted injuries have always been known to [her]." *Id.* at 423-24. In *Cefalu*, the Seventh Circuit held that the plaintiffs could not pursue a civil conspiracy claim stemming from an alleged cover-up surrounding claims for wrongful arrest and malicious prosecution because the plaintiffs were with the police in the chain of events culminating in their allegedly unlawful arrest. *Id.*

A cover-up leads to a denial of access to the courts "only where the cover-up was to some extent successful." *Kies v. City of Aurora*, 149 F. Supp. 2d 421, 424 (N.D. Ill. 2001) (citing *Vasquez*, 60 F.3d at 329). Even a cover-up that is temporarily successful does not support a civil conspiracy claim if the actual circumstances are publicly revealed within months of the incident. *Vasquez*, 60 F.3d at 329 (holding that a plaintiff injured by stray bullet of unknown origin that penetrated the walls of her home could not pursue a civil conspiracy claim even though the defendants' actions to cover-up the incident were "deplorable" because the surrounding circumstances were made public within six months of the incident, in contrast to the facts of a prejudicial cover-up case that had been "extraordinary and extreme").

The Court finds the Seventh Circuit's holding in *Cefalu* to be instructive.  211 F.3d at 423-24.  It is undisputed that Ms. Dukes was present during the allegedly unlawful encounter with the Defendants and, thus, has always been aware of the key circumstances underlying her claim—namely, that she was allegedly held on a bed and repeatedly struck by the Defendants before she was arrested.  [Dkt. 55 at 5.]  While she contends that she has been unable to fully vindicate her rights because she was face down on the bed and cannot specifically identify which officer or officers struck the back of her legs, this allegation is insufficient to sustain a civil conspiracy claim because it does not render her right to seek legal redress hollow.  *See Thompson v. Boggs*, 33 F.3d 847, 850, 852 (7th Cir. 1994) (holding that plaintiff was not prohibited from seeking effective and meaningful redress in court when he "was personally involved in the incident and thus had firsthand knowledge of all the facts and circumstances surrounding his arrest" even though he drifted in and out of consciousness during the encounter).  In other words, Ms. Dukes' allegation that she was held face down on the bed is part of the factual underpinnings of her claim and does not negate the fact that she was present for, and sufficiently aware of, the key

events that form the basis of her claim.[3]  For these reasons, the Court finds that the Defendants

are entitled to summary judgment on Ms. Dukes' civil conspiracy claim as a matter of law.[4]

## IV.
### Conclusion

For the reasons stated herein, the Court **GRANTS** summary judgment in favor of the De-

fendants on Ms. Dukes' claim for civil conspiracy pursuant to 42 U.S.C. §1983.  [Dkt. 149.]  Ac-

cordingly, Ms. Dukes' civil conspiracy claim against the Defendants is **DISMISSED WITH**

**PREJUDICE**.  This matter will proceed to trial on the remainder of Ms. Dukes' claims.  No fi-

nal judgment will issue at this time.

08/27/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

Theresa L. Dukes
P.O. Box 141
Indianapolis, IN 46202

---

[3] Ms. Dukes' claim stands in stark contrast to the facts of civil conspiracy cases that have been allowed to proceed.  *See, e.g.*, *Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th Cir. 1984) (allowing plaintiff father's civil conspiracy claim to proceed twenty years after his son was killed by a Milwaukee police officer who covered up true nature of the shooting where there were no non-police witnesses), *overruled on other grounds by Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005).

[4] Even if the Court were to consider the evidence the parties designated on summary judgment, Ms. Dukes has failed to create an issue of material fact showing that the Defendants reached an understanding to deprive her of her constitutional rights.  *Williams*, 342 F.3d at 785.  Ms. Dukes does not have any direct evidence of the Defendants' alleged understanding, and in her deposi-tion, she repeatedly asserted that the only evidence of this alleged agreement was that "each one of them has lied, each one of them has provided false information to the authorities in an effort to cover up what they did."  [Dkt. 149-3 at 6-7, 9.]  These conclusory and speculative statements alone are insufficient to create an issue of material fact to survive summary judgment.  *Williams*, 342 F.3d at 785.

**Distribution via ECF only:**

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Adam Clay
INDIANA ATTORNEY GENERAL
Adam.Clay@atg.in.gov

Kenneth Lawson Joel
INDIANA ATTORNEY GENERAL
kenneth.joel@atg.in.gov

Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com