UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

THERESA L. DUKES,  )
    *Plaintiff*,  )
    )
    *vs.*  )    1:09-cv-1440-JMS-DML
    )
SGT. ERIC COX, *et al.*,  )
    *Defendants.*  )

## ORDER DENYING MOTION TO RECONSIDER

On April 2, 2015, the Court granted in part and denied in part a request by *pro se* Plaintiff Theresa Dukes to vacate the presently scheduled final pretrial conference, trial date, and various associated deadlines. [Filing No. 306.] Specifically, the Court found that Mr. Dukes had shown good cause to extend certain filing deadlines by two weeks, but it denied her request to vacate the currently scheduled final pretrial conference or jury trial. [Filing No. 306.]

Presently pending before the Court is Ms. Dukes' Motion to Reconsider. [Filing No. 307 (asking Court to reconsider Filing No. 306).] Ms. Dukes asserts that she has been in communication with two different law firms that may be able to represent her if the jury trial presently scheduled for June 8, 2015, is continued until this fall. [Filing No. 307 at 1-2.] Thus, Ms. Dukes requests that her final pretrial date, trial date, and all associated deadlines be rescheduled for this fall to allow her the time necessary to obtain counsel, given the alleged complexity of her case and her health concerns. [Filing No. 307 at 2-6.]

Defendants have filed a Joint Objection to Ms. Dukes' request. [Filing No. 309.] They detail the lengthy procedural history of this case, which Ms. Dukes began in November 2009 by representing herself *pro se* for seven months. [Filing No. 309 at 1-5.] Defendants ask the Court

to deny Ms. Dukes' Motion to Reconsider because the Court has adequately addressed the considerations at issue. [Filing No. 309 at 5-6.] The Defendants emphasize that the Court has previously stated that there will be no additional continuances and that they continue to suffer prejudice with each delay. [Filing No. 309 at 6.]

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not a way to introduce new evidence that could have been introduced earlier, and disposition of such a motion is left to the Court's discretion. *Id.* "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Id.* at 1270.

Ms. Dukes' Motion to Reconsider primarily rehashes arguments that the Court has previously addressed. She contends that she has new evidence of two law firms that may be able to represent her if her trial is continued to this fall, but the Court has already considered that issue on multiple occasions, including the Order that Ms. Dukes asks the Court to reconsider:

> The Court has already balanced the competing interests at hand—namely, the lengthy history of delay in this case due to Ms. Dukes' health issues, this Court's duty to litigants to keep its calendar current and not let a case languish indefinitely, serial withdrawal of Ms. Dukes' prior counsel, and the Defendants' interest in the claims against them being resolved sooner rather than later—and found that this case must be reopened and proceed to trial.

[Filing No. 306 (citing Filing No. 265 (issued April 2014)).] Ms. Dukes' Motion to Reconsider again asks this Court to weigh these competing interests and vacate the presently scheduled final pretrial conference or trial date. This is beyond the scope of a proper motion to reconsider. In any event, Ms. Dukes simply presents a possibility of future representation, and that possibility does not outweigh the factors noted by the Court in reopening the case and setting a firm trial date.

For the reasons stated herein, the Court **DENIES** Ms. Dukes' Motion to Reconsider. [Filing No. 307.] The deadlines set forth in the Amended Final Pretrial Order, [Filing No. 304], remain in effect, subject to the two-week extension the Court already granted, [Filing No. 306]. The first deadlines fall on **April 17, 2015**. The final pretrial conference remains scheduled for **9:00 a.m.** on **May 15, 2015**, and the jury trial remains scheduled to begin on **June 8, 2015**. A copy of this entry is being emailed to Ms. Dukes to ensure its timely receipt, given the impending deadlines.

April 16, 2015

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via Electronic Mail:**

tdukes500@gmail.com

**Distribution via US Mail:**

THERESA L. DUKES
P.O. Box 141
Indianapolis, IN 46206

**Distribution via ECF only:**

Kelly J. Pautler
INDIANA ATTORNEY GENERAL
kelly.pautler@atg.in.gov

April Ann Wilson
OFFICE OF THE ATTORNEY GENERAL
April.Wilson@atg.in.gov

Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com