UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THERESA L. DUKES,<br>    *Plaintiff*, | )<br>)<br>) |
|     *v.* | )     1:09-cv-1440-JMS-DML<br>) |
| SGT. ERIC COX, *et al.*,<br>    *Defendants.* | )<br>) |

## ORDER

Presently pending before the Court is Defendants' Joint Motion to Dismiss Or, In the Alternative, Motion to Exclude Plaintiff's Presentation of Exhibits at Trial. [Filing No. 325.] Plaintiff Theresa L. Dukes did not file a response to Defendants' motion. For the reasons set forth herein, the Court dismisses Plaintiff Theresa Dukes' case against Defendants with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and, alternatively, pursuant to the Court's own authority set forth in Rule 16(f), which incorporates the dismissal sanction set forth in Rule 37(b)(2)(A)(v).

### I.
### APPLICABLE STANDARD

Federal Rule of Civil Procedure 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."

Additionally, Federal Rule of Civil Procedure 16(f) provides that if a party fails to appear at a pretrial conference or fails to obey a scheduling or other pretrial order, the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." In relevant part, Rule 37(b) provides that one of the sanctions available to the Court for a party's failure to obey an order

is "dismissing the action or proceeding in whole or in part." Fed. R. Civ. Pro. 37(b)(2)(A)(v). "The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same." *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993).

The Court has the "inherent authority to rectify abuses to the judicial process." *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003). One such power is dismissal, but that authority "is not without limitations." *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005). Instead, dismissal is considered a "draconian" sanction, *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003), that "should be employed sparingly and only when there is a record of delay, contumacious conduct, or when other, less drastic sanctions prove unavailing[,]" *Dotson*, 321 F.3d at 667.

## II.
### RELEVANT BACKGROUND

Ms. Dukes filed this case *pro se* in November 2009, asserting claims against Johnson County Sheriff's Deputy Sergeant Eric Cox, Johnson County Sheriff's Deputy Joe Schmidt, and Indiana State Police Trooper Jeff Sego (collectively, the "Defendants"). [Filing No. 1.] Her operative complaint alleges a federal 42 U.S.C. § 1983 claim and state law assault, battery, and gross negligence claims stemming from a November 2007 incident in which Ms. Dukes alleges that the Defendants used "excessive, unreasonable and unnecessary force" against her. [Filing No. 55 at 2.] The Court granted summary judgment on the civil conspiracy portion of Ms. Dukes' § 1983 claim in August 2012, [Filing No. 206], leaving her excessive force § 1983 claim and her state law claims to proceed to trial. [Filing No. 206 at 7.]

### A. Serial Withdrawal of Retained Counsel[1]

Ms. Dukes obtained her first attorney approximately eight months after initiating this action, [Filing No. 25], and has been represented by four sets of counsel at various points during these proceedings, all of whom she has either terminated from representation or this Court has granted leave to withdraw, [*see, e.g.*, Filing No. 64; Filing No. 103; Filing No. 202; Filing No. 282]. Ms. Dukes has represented herself *pro se* at various points when she was without counsel, including since November 24, 2014, when her final counsel of record was granted leave to withdraw.[2] [Filing No. 282.]

### B. Discovery Misconduct

Discovery disputes between the parties resulted in the Defendants filing three motions to compel, two of which were granted, [Filing No. 84 (granted); Filing No. 141 (denied); Filing No. 175 (granted)], and two motions to dismiss Ms. Dukes' case as a discovery sanction for her repeated noncompliance, [Filing No. 116 (denied); Filing No. 180 (denied)].

For example, Ms. Dukes was monetarily sanctioned for her conduct at her court-ordered deposition, where she refused to provide substantive testimony. [Filing No. 124; Filing No. 115 (allowing Ms. Dukes' deposition to be limited to four hours, but denying her request to continue it because her "continued effort to obtain counsel is an insufficient basis for stalling the case for 90 days, particularly because this is the second withdrawal of counsel").] Ms. Dukes attended the deposition as ordered, but "after answering some preliminary questions, she read a short statement

---

[1] Ms. Dukes has confirmed that she is not indigent and does not meet the requirements necessary to qualify for the Court to appoint counsel. [Filing No. 307 at 3.]

[2] Ms. Dukes represented in March 2015 that she "signed a contract for representation" with a fifth attorney, but she terminated his representation after he became ill and did not promptly return her contacts. [Filing No. 305 at 12-13.]

into the record, claiming to be too ill to understand and respond to questions. She said she did 'not wish to proceed with [the] deposition under [her] current medical problems and without the assistance of counsel.'" [Filing No. 124 at 1.] Ms. Dukes then "refused to answer any other questions, including questions addressed to the assertions she had made in her statement." [Filing No. 124 at 1.] In denying the Defendants' motion to dismiss, the Court found that Ms. Dukes' "conduct at her deposition was improper and merits sanction, but not the draconian sanction of dismissal." [Filing No. 124 at 1.] The Court warned that it "perceives in Ms. Dukes's conduct and in her statement her refusal to accept the Court's order that she must proceed with her case, with or without counsel. A sanction is therefore appropriate to deter further improper discovery conduct and to ameliorate the expense the defendants incurred as a result of Ms. Dukes's improper conduct." [Filing No. 124 at 2.] The Court noted that if Ms. Dukes

> intends to engage counsel, she must do so immediately if she has not done so already and that, if she does not engage counsel, she will nevertheless be expected to comply with all her obligations—including the obligation to appear. . . . The Court reminds Ms. Dukes that deadlines in federal court are vigorously enforced, and the only sure method to obtain relief from them is to seek assistance from the Court.

[Filing No. 124 at 3.]

In another incident, after Ms. Dukes was ordered by the Court to produce information at issue in one of the motions to compel, she filed a "notice of noncompliance" and attached her affidavit asserting why she did not believe she should have to comply. [Filing No. 177; Filing No. 221.] She only produced the information after the Defendants moved to dismiss her case. [Filing No. 221.] In denying the Defendants' motion to dismiss Ms. Dukes' case, the Court acknowledged that Ms. Dukes did ultimately produce the information after an apparent "change of heart" prompted by the Defendants' motion. [Filing No. 221 at 2.] While the Court concluded that it

> does not find it appropriate to impose a sanction against Ms. Dukes based on the cumulative effect of her discovery conduct with respect to medical records, her

deposition on November 7, 2011, and the late disclosure of the witness[,] . . . these matters may be considered in the future if other instances arise regarding Ms. Dukes's compliance with obligations she has to the parties and the court. Ms. Dukes is also cautioned that any further failure to comply with court orders—including those with which she disagrees—will put her case in peril.

[Filing No. 221 at 2-3.]

### C. Administrative Closure of Case for Ms. Dukes' Health Issues

On September 26, 2012, at Ms. Dukes' request, the jury trial in this action was rescheduled for January 14, 2013, with a final pretrial conference to be held on December 19, 2012. [Filing No. 223 (granting Ms. Dukes' Amended Emergency Motion for Continuance of Trial Date).] Ms. Dukes, *pro se* at that time, represented that a continuance was necessary because Dr. Fletcher—one of her expert witnesses, who is also a fact witness—was unavailable for the scheduled trial. [Filing No. 210; Filing No. 213.]

On November 27, 2012, Ms. Dukes filed an Emergency Motion for Continuance or Stay of Trial Date, representing that she "has been ill since mid to late September 2012 requiring a multitude of tests, procedures and treatment modalities . . . ." [Filing No. 238 at 1.] Ms. Dukes further represented that a few days prior she "was informed that she requires additional medical treatment specifically a surgical procedure." [Filing No. 238 at 1.] Ms. Dukes questioned her own competence to proceed, represented that she "cannot provide the Court with a timeline" regarding her recovery, and requested a continuance of the pending trial date. [Filing No. 238 at 2-4.] Ms. Dukes submitted sealed and *ex parte* medical documentation to support her request. [*See, e.g.*, Filing No. 233; Filing No. 239-1; Filing No. 247.]

The Court held a telephonic conference on December 19, 2012, and, without objection by the parties, administratively closed the case, "[g]iven Ms. Dukes' medical condition and the uncertainty surrounding the timing of her recovery." [Filing No. 248.] Pursuant to the Court's

Orders to do so, Ms. Dukes submitted periodic *ex parte* doctor's reports regarding her medical condition and projected recovery time. The Court evaluated those reports and ultimately allowed Ms. Dukes' case to remain administratively closed for more than eighteen months. [Filing No. 250; Filing No. 254; Filing No. 256; Filing No. 259; Filing No. 265.]

On April 15, 2014, the Defendants filed a Joint Status Report Regarding Continued Administrative Closure of Case. [Filing No. 262.] They noted that based upon the Court's entries regarding Ms. Dukes' *ex parte* reports, "it appears there is no projected timetable for Dukes' release from medical care." [Filing No. 262 at 3.] The Defendants expressed their concern "that this matter may remain administratively closed indefinitely if the *status quo* of requiring doctor's reports on a quarterly basis is permitted to remain in effect." [Filing No. 262 at 4.] The Defendants argued that they "would suffer substantial prejudice" if that happened because "[w]ith each passing day, memories fade for fact witnesses that at present time would be called upon to discuss circumstances that occurred [in November 2007]." [Filing No. 262 at 4; Filing No. 1 (Ms. Dukes' allegations pertaining to November 2007).] The Defendants pointed out that one fact witness had already died and that it was possible that the health of other fact witnesses may be compromised. [Filing No. 262 at 4.]

### D. Decision to Reopen Case

On April 22, 2014, the Court issued an Order balancing the competing interests and concluding that Ms. Dukes' case should be reopened effective July 1, 2014. [Filing No. 265.] The Court's analysis for making that decision was as follows:

> A *pro se* plaintiff maintains the duty to diligently pursue her cause of action in accordance with court orders and the Federal Rules of Civil Procedure. The Court has an "inherent power" to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. This inherent power includes dismissing a case for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) because a party cannot decide for itself when it feels like pressing its action

and when it feels like taking a break.  Trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.  A case may be dismissed under Rule 41(b) if a *pro se* plaintiff's medical conditions stalls a case for years and threatens to keep it on the Court's docket indefinitely.

>   Defendants have not asked the Court to dismiss Ms. Dukes' case for failure to prosecute and, indeed, it would be inappropriate to do so at this time.  That said, Defendants have raised valid concerns regarding the prejudice they will suffer if this case continues to be administratively closed indefinitely.

>   The Court recognizes the competing interests at hand.  Ms. Dukes has an understandable desire to address her medical conditions before continuing to prosecute her civil claims against Defendants.  Defendants have a valid interest in Ms. Dukes' personal claims against them being resolved sooner rather than later.  And this Court has a duty to litigants to keep its calendars as current as humanly possible and not let the case languish indefinitely.  The Court concludes that the balance of these interests weighs in favor of reopening this case in the coming months.  It has been administratively closed for more than sixteen months, and Ms. Dukes still cannot give a time frame for her projected recovery.  Her doctor's report does not specify any physical restrictions or mental impairments she suffers from as a result of her diagnoses that would prohibit her participation in the case.  Accordingly, the Court agrees that Defendants will suffer undue prejudice if Ms. Dukes' case continues to be administratively closed for an indefinite period of time.

>   For the reasons stated herein, the Court **ORDERS** the Clerk of this Court to **REOPEN** Ms. Dukes' case on **July 1, 2014**. At that time, the Magistrate Judge should schedule a status conference with the parties and establish an agenda for resolving Ms. Dukes' case.

[Filing No. 265 at 3-4 (citations omitted).]

### E.  Ms. Dukes' Repeated Requests to Continue Trial in Reopened Case

After it was reopened, Ms. Dukes' case was initially set for a jury trial to begin on December 8, 2014, [Filing No. 271], then rescheduled for January 12, 2015, [Filing No. 275], and ultimately set for June 8, 2015, [Filing No. 291 (order dated December 17, 2014)].  The jury trial currently remains set for June 8, 2015, and the Court has set various final pretrial deadlines in anticipation of a final pretrial conference scheduled for May 15, 2015.  [Filing No. 304.]

On March 31, 2015, Ms. Dukes filed a Verified Motion to Extend Trial Date and Vacate Pretrial Order.  [Filing No. 305.]  On April 2, 2015, the Court granted Ms. Dukes a two-week

extension of those final pretrial deadlines, after concluding that she had shown good cause to do so in light of efforts of obtain counsel and counsel's subsequent illness. [Filing No. 306 at 3.] The Court, however, denied her request to continue the trial date, making the following observations:

> Ms. Dukes filed this case *pro se* and has been represented by at least four sets of counsel on the record since that time, all of whom have been granted leave to withdraw for various reasons. [Filing No. 64; Filing No. 103; Filing No. 202; Filing No. 282.] During the times at which Ms. Dukes has represented herself *pro se*, she has demonstrated a more than adequate ability to recite the history of her case, meet deadlines or seek extensions, and engage in the judicial process. The Court notes that when she represented herself in person at a hearing on December 3, 2014, Ms. Dukes presented herself cogently and made no mention of any mental or functional limitations caused by the health conditions that closed her case for more than [eighteen] months [in total]. [See Filing No. 265; Filing No. 285.]
>
> ***
>
> Ms. Dukes' motion comes on the eve of the first of the deadlines set forth in the Amended Final Pretrial Order. [Filing No. 304.] Given her efforts to obtain counsel and [that counsel's] unfortunately timed illness, the Court agrees with Ms. Dukes as a general matter that good cause exists to extend the deadlines set forth in the Amended Final Pretrial Order. That said, the Court will not extend those deadlines indefinitely or vacate the scheduled final pretrial conference or trial dates. The Court has already balanced the competing interests at hand—namely, the lengthy history of delay in this case due to Ms. Dukes' health issues, this Court's duty to litigants to keep its calendar current and not let a case languish indefinitely, serial withdrawal of Ms. Dukes' prior counsel, and the Defendants' interest in the claims against them being resolved sooner rather than later—and found that this case must be reopened and proceed to trial. The Court has not yet exercised its authority to dismiss Ms. Dukes' case for lack of prosecution, which would be within its discretion on proper motion or warning given the history of this case.

[Filing No. 306 at 3 (citing Filing No. 265).] On April 16, 2015, the Court denied a subsequent Motion to Reconsider by Ms. Dukes, again quoting language from its prior orders. [Filing No. 310 at 2 (quoting Filing No. 306 (citing Filing No. 265)).]

On April 21, 2015, Ms. Dukes file a Verified Motion to Stay and Vacate Trial Date, again asking the Court to vacate the presently scheduled final pretrial conference, trial date, and various associated deadlines. [Filing No. 321.] Ms. Dukes contended that "[u]nder [her] present medical condition, treatment, circumstances and events she is unable to participate in these proceedings."

[Filing No. 321 at 2.] She requested the Court's permission to submit medical documentation in camera. [Filing No. 321 at 2.] Ms. Dukes contended that the Defendants "will not suffer any prejudice if this Motion is granted" and asked the Court to vacate the scheduled dates and deadlines to "allow additional time for her to obtain counsel so that she may move her case forward." [Filing No. 321 at 2.]

Defendants objected to Ms. Dukes' request. [Filing No. 324.] The Court gave Ms. Dukes until May 1, 2015, to file a reply brief, and noted that "[n]o deadlines have been stayed or suspended pending ruling on Ms. Dukes' motion." [Filing No. 327.] Ms. Dukes did not file a reply brief.

On May 4, 2015, the Court denied Ms. Dukes' Verified Motion to Stay and Vacate Trial Date. [Filing No. 330.] In doing so, the Court noted as follows:

> The Court understands that Ms. Dukes has medical issues that she believes should excuse her from representing herself *pro se* in this litigation and for which she believes that the Court should vacate the presently scheduled trial date and associated deadlines. The Court empathizes with Ms. Dukes' position, but her insinuations that the Court has ignored her medical conditions in denying her requests to continue the June 8, 2015 trial date and corresponding deadlines are unfounded. Instead, the Court has repeatedly reiterated to Ms. Dukes that it already accommodated her health conditions to the extent it reasonably could and balanced the competing interests at hand, including her health considerations, when it determined that this case needed to be reopened in July 2014 after more than eighteen months of administrative closure. [Filing No. 265; Filing No. 306; Filing No. 310.] More than one year has passed since that decision, and Ms. Dukes is still requesting that the scheduled trial be continued. The Court has a duty to its docket and the Defendants to ensure a timely resolution of its cases, and Ms. Dukes' case is no exception. While it is unfortunate that Ms. Dukes does not believe that she can adequately represent herself, as the Court has previously noted, Ms. Dukes began this case as a *pro se* plaintiff and "[d]uring the times at which Ms. Dukes has represented herself *pro se*, she has demonstrated a more than adequate ability to recite the history of her case, meet deadlines or seek extensions, and engage in the judicial process." [Filing No. 306 at 2 (also noting that when Ms. Dukes "represented herself in person at a hearing on December 3, 2014, Ms. Dukes presented herself cogently and made no mention of any mental or functional limitations caused by the health conditions that closed her case").]

> In her motion, Ms. Dukes represents that her "physician is willing to provide the Court with any necessary information or documentation required. Plaintiff requests the Court's permission to submit medical documentation for an in camera inspection. Plaintiff cannot be required to submit her medical documentation for public access as a part of this court docket." [Filing No. 321 at 2.] It is Ms. Dukes' burden to submit what she believes is necessary for the Court to make an informed decision on the merits of any motion she presents. That said, should Ms. Dukes choose to submit medical documentation to the Court in the future, her request to submit it *ex parte in camera* is **DENIED**. Instead, Ms. Dukes may submit any medical documentation **dated on her doctor's letterhead** and **SEALED** from public access, but the Defendants would be allowed to view it. The circumstances that allowed Ms. Dukes to submit her medical documentation *ex parte* when this case was administratively closed no longer exist. Instead, with trial quickly approaching, the Defendants are entitled to see any basis underlying Ms. Dukes' requests and the Court's decisions.
>
> As for Ms. Dukes' desire to be represented by retained counsel, as the Court has previously stated, it cannot ignore her turbulent relationship with the four sets of prior counsel that have represented her in this action and subsequently withdrawn. [Filing No. 306 at 2 (noting that after representing herself *pro se* for seven months, Ms. Dukes "has been represented by at least four sets of counsel on the record since that time, all of whom have been granted leave to withdraw for various reasons") (citing Filing No. 64; Filing No. 103; Filing No. 202; Filing No. 282).] The serial withdrawal of Ms. Dukes' counsel has already delayed these proceedings multiple times. In other words, although the Court understands Ms. Dukes' position, her desire to be represented by counsel of her choosing at the trial in the civil case she initiated *pro se* is only one of many factors that the Court has already weighed in concluding that this case must proceed to trial as scheduled.
>
> For these reasons, the Court **DENIES** Ms. Dukes' Verified Motion to Stay and Vacate Trial Date. [Filing. No. 321.] The final pretrial conference remains scheduled for **9:00 a.m.** on **May 15, 2015**, the jury trial remains scheduled to begin on **June 8, 2015**, and the associated final pretrial deadlines set forth in previous orders remain.

[Filing No. 330 at 4-6 (emphases in original).]

### F. Noncompliance with Amended Final Pretrial Order

The first deadlines in the Court's Amended Final Pretrial Order were set for April 17, 2015.

[Filing No. 304; Filing No. 306 (two-week extension of original dates).] On that date, Ms. Dukes

timely filed her Final Trial Witness List, [Filing No. 311], and Final Trial Exhibit List, [Filing No.

312]. Ms. Dukes did not comply with any other deadlines set by the Court's Amended Pretrial Order. Specifically, Ms. Dukes did not do the following, as ordered by the Court:

- Meet with the other parties "in person to exchange physical copies of the listed exhibits," [Filing No. 304 at 2], despite defense counsel's outreach to her to do so, [Filing No. 323]. The Court's Amended Final Pretrial Order provides that "Any exhibit not exchanged with the other parties by that date will be excluded from presentation at trial." [Filing No. 304 at 2.]

- Work with the other parties on stipulations of fact, despite defense counsel's outreach to her. [Filing No. 304 at 2; Filing No. 326 at 4; Filing No. 325-2; Filing No. 325-4; Filing No. 325-6.]

- Work with the other parties regarding voir dire questions, a joint case synopsis, preliminary instructions, general final instructions, case-specific final instructions, and verdict forms. [Filing No. 304 at 3-6; Filing No. 342; Filing No. 342-10; Filing No. 344.]

In corresponding with defense counsel, Ms. Dukes relied on general unavailability for the scheduled meetings and her health conditions. [*See* Filing No. 325-4 (April 21, 2015 email from Ms. Dukes to defense counsel that "I am unable to attend the meeting you scheduled for this morning . . . . Please follow up the meeting with an email to me regarding its contents and discussion"); Filing No. 325-6 (April 22, 2015 email from Ms. Dukes to defense counsel that "Due to my current health conduction and treatment I am unable to participate"); Filing No. 342-10 (May 4, 2015 email from Ms. Dukes to defense counsel that "[a]s the Court and you are fully aware I will be unable to participate due to health reasons"); Filing No. 344-2 (May 13, 2015 email from Ms. Dukes to defense counsel that "[a]s the Court and you are fully advised and aware, I am unable to participate due to my health conditions").]

**G. Defendants' Motion to Dismiss**

On April 24, 2015, the Defendants filed a Joint Motion to Dismiss or, In the Alternative, Motion to Exclude Plaintiff's Presentation of Exhibits at Trial. [Filing No. 325.] The Defendants argue that Ms. Dukes' "recent failure to comply with the Court's Amended Final Pretrial Order

- 11 -

reflects Ms. Dukes' conduct over the course of these proceedings as a consistent and willful pattern of delay and disrespect for this Court's orders and for the orderly disposition of this case." [Filing No. 325 at 2.] Noting the Court's repeated warnings to Ms. Dukes "that her failure to comply with court orders and attempt to delay these proceedings may result in dismissal," the Defendants "respectfully move to dismiss this action, in its entirely, pursuant to Federal Rule of Civil Procedure 41(b)." [Filing No. 325 at 2.] Alternatively, should the Court determine that dismissal is inappropriate, the Defendants ask the Court to preclude Ms. Dukes from presenting her exhibits at trial, since she failed to exchange them with counsel pursuant to the Court's Amended Final Pretrial Order. [Filing No. 325 at 2.]

Ms. Dukes' response to Defendants' Motion to Dismiss was due on May 11, 2015, pursuant to Local Rule 7-1(c)(2). She did not file a response.

### H. Final Pretrial Conference

At approximately 1:00 p.m. the afternoon before the scheduled final pretrial conference, the Court received an email from Ms. Dukes to its chambers account, representing as follows:

> To Judge Stinson Chambers and all defendants counsel,
>
> Please be advised I will be unable to participate in the scheduled pretrial conference on Friday 5/15/2015 due to my health condition. I have requested additional medical documentation to be submitted to the court upon receipt.
>
> Ms. Dukes

[Filing No. 346.] The Court docketed the email with an Entry confirming that the final pretrial conference would occur as scheduled the following day. [Filing No. 346.]

The Court held its final pretrial conference as scheduled at 9:00 a.m. on May 15, 2015. [Filing No. 347.] Defendants appeared by counsel. Ms. Dukes failed to appear. The Court heard

argument on the Defendants' Motion to Dismiss and granted it on the record, to be further explained in this written Order. [Filing No. 347.]

### III.
#### DISCUSSION

The Defendants ask the Court to dismiss Ms. Dukes' case pursuant to Federal Rule of Civil Procedure 41(b) for her "recent failure to comply with the Court's Amended Final Pretrial Order [that] reflects Ms. Dukes' conduct over the course of these proceedings as a consistent and willful pattern of delay and disrespect for this Court's orders and for the orderly disposition of this case." [Filing No. 325 at 2.] They note the Court's repeated warnings to Ms. Dukes "that her failure to comply with court orders and attempt to delay these proceedings may result in dismissal."[3] [Filing No. 325 at 2.] The Defendants filed two Notices detailing additional noncompliance by Ms. Dukes after the Defendants filed their Motion to Dismiss, and they ask the Court to consider those instances as well. [Filing No. 342 (dated May 6, 2015); Filing No. 344 (dated May 13, 2015).]

Ms. Dukes' response to Defendants' Motion to Dismiss was due on May 11, 2015, pursuant to Local Rule 7-1(c)(2). She did not file a response.

The Court finds that Ms. Dukes' repeated pattern of unreasonable delay and contumacious conduct in this case, as detailed at length in the previous section of this Order, speaks for itself. Ms. Dukes has repeatedly been reminded that regardless of whether she is represented by counsel, she is expected to comply with all of her obligations and that deadlines in federal court are vigorously enforced. [*See, e.g.*, Filing No. 116; Filing No. 221.] She has been cautioned that continued noncompliance with "obligations she has to the parties and the court" as well as noncompliance

---

[3] Because the Court ultimately dismissed Ms. Dukes' case pursuant to Rules 16(f) and 41(b), it need not address Defendants' request to exclude her presentation of exhibits at trial. [Filing No. 325 at 2; Filing No. 326 at 12.] That request, as well as all other pending motions and deadlines, is denied as moot.

with "court orders—including those with which she disagrees—will put her case in peril." [Filing No. 221 at 2-3; *see also* Filing No. 306 at 3 ("The Court has not yet exercised its authority to dismiss Ms. Dukes' case for lack of prosecution, which would be within its discretion on proper motion or warning given the history of this case.").] Sanctions lesser than dismissal have proven ineffective. [*See* Filing No. 116.] Despite these warnings, Ms. Dukes has continued to disobey the Court's orders, most recently in the context of her lack of preparation for, and attendance at, the scheduled final pretrial conference.

As Defendants pointed out during oral argument at the final pretrial conference, although Ms. Dukes cites her health concerns in some of her correspondence with them as the reason for her recent noncompliance, she was well enough to prepare another request to stay and vacate the trial date the same day the Defendants were meeting to exchange exhibits pursuant to the Court's Amended Final Pretrial Order. [Filing No. 321 (Ms. Dukes' Verified Motion to Stay and Vacate Trial Date) (filed April 21, 2015); Filing No. 325-4 (Ms. Dukes' email to defense counsel at 7:59 am on April 21, 2015) ("Please be advised I am unable to attend the meeting you scheduled for this morning at 10:00 am. Please follow up the meeting with an email to me regarding its content and discussion. Thank you.").]

The Court does not doubt that Ms. Dukes has some health issues. The Court does, however, doubt Ms. Dukes' general and unsubstantiated representations regarding the alleged effect that her health issues have on her ability to comply with court orders and represent herself as the plaintiff in this civil proceeding. When the Court reopened Ms. Dukes' case after eighteen months of administrative closure for her health concerns, it specifically found that the medical evidence Ms. Dukes submitted to maintain that closure "does not specify any physical restrictions or mental impairments she suffers from as a result of her diagnoses that would prohibit her participation in

the case." [Filing No. 265 at 3-4.] That remains true to date. And as the Court observed in denying one of Ms. Dukes' requests to continue the June 2015 jury trial:

> During the times at which Ms. Dukes has represented herself *pro se*, she has demonstrated a more than adequate ability to recite the history of her case, meet deadlines or seek extensions, and engage in the judicial process. The Court notes that when she represented herself in person at a hearing on December 3, 2014, Ms. Dukes presented herself cogently and made no mention of any mental or functional limitations caused by the health conditions that closed her case for more than [eighteen] months [in total].

[Filing No. 306 at 2.]

Thus, although the Court believes as a general matter that health issues can be a valid reason to continue a *pro se* plaintiff's civil case, Ms. Dukes has not presented evidence that hers is such a case. Even if Ms. Dukes had presented such evidence, her health is but one of the many factors the Court must weigh in making its decision, and her general pattern of delay and contumacious conduct unrelated to her health issues does not help her cause. To that end, the Court stands by its previous conclusions that it

> has already balanced the competing interests at hand—namely, the lengthy history of delay in this case due to Ms. Dukes' health issues, this Court's duty to litigants to keep its calendar current and not let a case languish indefinitely, serial withdrawal of Ms. Dukes' prior counsel, and the Defendants' interest in the claims against them being resolved sooner rather than later—and found that this case must be reopened and proceed to trial.

[Filing No. 306 at 3 (citing Filing No. 265).]

As for any desire that Ms. Dukes has to be represented by retained counsel, the Court also stands by its previous conclusion that

> it cannot ignore her turbulent relationship with the four sets of prior counsel that have represented her in this action and subsequently withdrawn. [Filing No. 306 at 2 (noting that after representing herself *pro se* for seven months, Ms. Dukes "has been represented by at least four sets of counsel on the record since that time, all of whom have been granted leave to withdraw for various reasons") (citing Filing No. 64; Filing No. 103; Filing No. 202; Filing No. 282).] The serial withdrawal of Ms. Dukes' counsel has already delayed these proceedings multiple times. In other

words, although the Court understands Ms. Dukes' position, her desire to be represented by counsel of her choosing at the trial in the civil case she initiated *pro se* is only one of many factors that the Court has already weighed in concluding that this case must proceed to trial as scheduled.

[Filing No. 330 at 6.]

Ultimately, the Court agrees with the Defendants' assertion during oral argument at the final pretrial conference that Ms. Dukes' behavior throughout this case indicates that she only wants to litigate on her terms at a time of her choosing. That is not a choice she has, having invoked the judicial process. The Court has a responsibility to all litigants on its docket. *See GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-1199 (7th Cir. 1993) ("[A] party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible."). It is also unfair to the Defendants, who have diligently complied with the Court's orders and were prepared to proceed to trial, as evidenced by their extensive final pretrial filings. The Seventh Circuit has recognized that a party who refuses "to play by the rules of the litigation game" may have her case dismissed as a sanction for her behavior, particularly when she has had "ample opportunity to mend [her] ways" and there is "no hint of improvement." *Ball v. City of Chicago*, 2 F.3d 752, 754 (7th Cir. 1993). "A protracted lawsuit ties up the defendant's time and prolongs the uncertainty and anxiety that are often the principal costs of being sued. Delay may also make it more difficult to mount an effective defense. . . . Unwarranted prejudice to a defendant from keeping a suit alive is an important consideration in the choice of sanctions for dilatory behavior from the wide menu available to the district judge." *Id.* at 759.

For these reasons, the Court concludes that it is appropriate to grant Defendants' request to dismiss Ms. Dukes' claims against them pursuant to Federal Rule of Civil Procedure 41(b) for the clear record of delay, contumacious conduct, and because a lesser sanction failed. [Filing No.

325.] Alternatively, the Court also finds it appropriate to dismiss Ms. Dukes' case pursuant to its own authority set forth in Federal Rule of Civil Procedure 16(f), which incorporates the ability to dismiss an action pursuant to Rule 37(b)(2)(A)(v), due to Ms. Dukes' failure to appear at the scheduled pretrial conference and her failure to obey the Court's Amended Final Pretrial Order.

## IV.
### CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** Defendants' motion, [Filing No. 325], such that Ms. Dukes' case is **DISMISSED WITH PREJUDICE** pursuant to Federal Rules of Civil Procedure 41(b) and 16(f). Given that there will be not be a trial, Defendants' request to exclude Ms. Dukes' presentation of exhibits at trial is **DENIED AS MOOT**, as are all other motions and deadlines currently pending in this litigation. [Filing No. 329; Filing No. 335; Filing No. 337; Filing No. 338.] Final judgment shall issue accordingly.

Date: May 15, 2015

*signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

THERESA L. DUKES
P.O. Box 141
Indianapolis, IN 46206

**Distribution via ECF only:**

Kelly J. Pautler
INDIANA ATTORNEY GENERAL
kelly.pautler@atg.in.gov

April Ann Wilson
OFFICE OF THE ATTORNEY GENERAL
April.Wilson@atg.in.gov

Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Michelle L Findley
WILLIAMS, BARRETT, & WILKOWSKI, LLP
mfindley@wbwlawyers.com