UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THERESA L. DUKES, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | 1:09-cv-1440-JMS-DML |
| | ) | |
| SGT. ERIC COX, *et al.*, | ) | |
| *Defendants.* | ) | |

**ORDER DENYING MOTION TO CORRECT ERROR
AND ALTERNATIVELY FOR RELIEF FROM JUDGMENT**

Presently pending before the Court is Plaintiff Theresa L. Dukes' Motion to Correct Error And Alternatively For Relief from Judgment. [Filing No. 351.] Ms. Dukes asks for relief from the Final Judgment this Court entered in favor of Defendants on May 15, 2015, [Filing No. 349], after dismissing Ms. Dukes' case with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 16(f), [Filing No. 348]. Defendants oppose Ms. Dukes' motion. [Filing No. 352; Filing No. 353.] For the reasons that follow, the Court denies Ms. Dukes' motion. [Filing No. 351]

**A. Applicable Standard**

Ms. Dukes does not identify a Federal Rule of Civil Procedure under which she seeks relief. [Filing No. 351.] In response, the Defendants analyze the pending motion under Rules 59 and 60, [Filing No. 353], or as a motion to reconsider, [Filing No. 352].

A party must file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. Pro. 59(e). The Seventh Circuit Court of Appeals has "adopted a bright-line rule that district courts should treat motions filed before the deadline established in Rule 59 as arising under that rule, not Rule 60." *Zhou v. Belanger*, 528 Fed. App'x. 618 (7th Cir. 2013) (citing *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009)). Because Ms. Dukes filed her motion within 28 days of the entry of judgment, the Court will review

it pursuant to Rule 59(e).  *See Zhou*, 528 Fed. App'x. at 621 (holding that a district court "appropriately interpreted" a similar *pro se* request pursuant to Rule 59(e)).

Rule 59(e) allows the Court to alter or amend a judgment "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).  Rule 59(e) cannot be used, however, to present evidence that could have been presented before judgment was entered. *Obriecht*, 517 F.3d at 494.  Relief is appropriate if the movant had a justifiable medical absence and supplements a Rule 59 motion with appropriate medical documentation.  *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994); *see also Zhou*, 528 Fed. App'x. at 622 ("Motions under Rule 59(e) allow litigants to justify a previously unexplained absence to the court.").  The Court "wisely exercise[s] its discretion," however, by denying a Rule 59 motion in "[t]he absence of any such documentation." *Johnson*, 34 F.3d at 468.

### B. Discussion

Ms. Dukes argues that the Court erred in dismissing her case and asks for relief from that judgment.  [Filing No. 351.]  She contends that the Court's Order "states inconsistencies" and "restates false representations previously made by the defendants' pleadings as facts in this matter."  [Filing No. 351 at 1.]  She argues that the Court erred by requiring her to proceed *pro se* given the prior medical documentation she filed regarding her continuing medical condition.  [Filing No. 351 at 1.]  Finally, Ms. Dukes contends that the Court "denied and threatened to sanction [her]" if she filed additional medical documentation for *in camera* review.  [Filing No. 351 at 2.]

In response, Defendant Jeff Sego argues that Ms. Dukes' post-judgment motion is not "an appropriate forum for rehashing previously rejected arguments."  [Filing No. 352 at 1.]  He points out that Ms. Dukes' motion "fails to identify a single misstatement with any specificity."  [Filing No. 352 at 2.]  Defendants Eric Cox and Joe Schmidt also respond to Ms. Dukes' motion, arguing

that Ms. Dukes "has presented no basis upon which the Court should find error in its dismissal order, or any other reason justifying the relief requested . . . ." [Filing No. 353 at 2.]

Ms. Dukes did not file a reply brief.

The Court dismissed Ms. Dukes' case with prejudice pursuant to Rule 41(b), on Defendants' motion to do so, after detailing a "clear record of delay, contumacious conduct, and because a lesser sanction failed." [Filing No. 348 at 16-17 (granting Filing No. 325).] Alternatively, the Court found it appropriate to dismiss Ms. Dukes' case with prejudice pursuant to its own authority set forth in Rule 16(f), which incorporates the ability to dismiss an action pursuant to Rule 37(b)(2)(A)(v), due to Ms. Dukes' failure to appear at the scheduled pretrial conference and her failure to obey the Court's Amended Final Pretrial Order. [Filing No. 348 at 17.] The Court's Order detailed the lengthy history of Ms. Dukes' case leading to dismissal, including the serial withdrawal of four sets of retained counsel, her discovery misconduct, the eighteen-month administrative closure of the case for her medical conditions, the Court's decision to reopen the case, Ms. Dukes' repeated requests to continue trial in the reopened case, Ms. Dukes' noncompliance with the Court's final pretrial order, and Ms. Dukes' failure to attend the scheduled final pretrial conference. [Filing No. 348 at 2-13.] Given that Ms. Dukes does not specifically identify any inconsistency or alleged "false representation" with which she takes issue in the Order, [Filing No. 351], the Court need not address that argument further.

Ms. Dukes argues that the Court erred by requiring her to proceed *pro se* given previous medical documentation she filed regarding the ongoing nature of her medical conditions. [Filing No. 351 at 1.] The Court notes that Ms. Dukes submitted that documentation with the Court's permission *in camera* during the eighteen-month administrative closure of Ms. Dukes' case for her ongoing health conditions, but that the case was reopened more than one year ago after the

Court balanced the competing interests at hand. [Filing No. 265 (ordering case reopened on July 1, 2014).] Ms. Dukes has submitted no medical documentation since that time. Ms. Dukes' motion alludes to not doing so because the Court "threatened to sanction [her] if she filed the medical documentation." [Filing No. 351 at 2.] Although Ms. Dukes does not cite to the docket for that characterization, she may be referring to the Court's denial of her final request to vacate the scheduled trial date on May 4, 2015, in which the Court noted as follows:

> In her motion, Ms. Dukes represents that her "physician is willing to provide the Court with any necessary information or documentation required. Plaintiff requests the Court's permission to submit medical documentation for an in camera inspection. Plaintiff cannot be required to submit her medical documentation for public access as a part of this court docket." [Filing No. 321 at 2.] It is Ms. Dukes' burden to submit what she believes is necessary for the Court to make an informed decision on the merits of any motion she presents. That said, should Ms. Dukes choose to submit medical documentation to the Court in the future, her request to submit it *ex parte in camera* is **DENIED**. Instead, Ms. Dukes may submit any medical documentation **dated on her doctor's letterhead** and **SEALED** from public access, but the Defendants would be allowed to view it. The circumstances that allowed Ms. Dukes to submit her medical documentation *ex parte* when this case was administratively closed no longer exist. Instead, with trial quickly approaching, the Defendants are entitled to see any basis underlying Ms. Dukes' requests and the Court's decisions.

[Filing No. 330 at 5 (original emphasis).]

Far from a threat, the Court struck a balance between the competing interests at hand and specifically gave Ms. Dukes an opportunity to submit medical evidence that would be sealed from public access while still allowing Defendants to respond to any subsequent request by Ms. Dukes to again continue the approaching trial date. Ms. Dukes neither did so at that time nor filed any newly discovered medical evidence with her post-judgment motion. Thus, any relief pursuant to Rule 59(e) would be improper. *See Johnson*, 34 F.3d at 468 (noting that a district court "wisely exercised its discretion" by denying a Rule 59 motion in "[t]he absence of any such documenta-

tion" supporting a legitimate medical excuse).  Moreover, as the Court noted in its Order dismissing her case, Ms. Dukes' "health is but one of the many factors the Court must weigh in making its decision, and her general pattern of delay and contumacious conduct unrelated to her health issues does not help her cause."  [Filing No. 348 at 15.]

Because Ms. Dukes has not demonstrated a manifest error of law or presented newly discovered evidence, the Court must deny her Rule 59(e) motion.  [Filing No. 351.]

### C.  Conclusion

For the reasons stated herein, the Court **DENIES** Ms. Dukes' Motion to Correct Error And Alternatively For Relief from Judgment.  [Filing No. 351.]

Date:  July 22, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail**:

THERESA L. DUKES
P.O. Box 141
Indianapolis, IN 46206

**Distribution via ECF only**:

Kelly J. Pautler
INDIANA ATTORNEY GENERAL
kelly.pautler@atg.in.gov

April Ann Wilson
OFFICE OF THE ATTORNEY GENERAL
April.Wilson@atg.in.gov

Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Michelle L Findley
WILLIAMS, BARRETT, & WILKOWSKI, LLP
mfindley@wbwlawyers.com