**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **THERESA L. DUKES**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Cause No: 1:09-cv-01440-JMS-DML** |
| | ) | |
| **SGT. ERIC COX,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SET ASIDE**
**OR STAY JUDGMENT ORDER PENDING OUTCOME OF APPEAL**

Come now the Defendants, Eric Cox and Joe Schmidt, by and through counsel, and hereby submit Defendants' Response to Plaintiff's Motion to Set Aside or Stay Judgment Order Pending Outcome of Appeal (ECF Doc. 356):

**I.**
**Background**

On May 15, 2015, this Court entered final judgment in favor of Defendants, (ECF Doc. 349), after dismissing Plaintiff's case with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 16(f). (ECF Doc. 348). Thereafter, Plaintiff filed a Motion to Correct Error And Alternatively for Relief from Judgment. (ECF Doc. 351). The Court denied Plaintiff's motion on July 22, 2015. (ECF Doc. 354).  Costs were then taxed to the judgment in the amount of $9,279.05. (ECF Doc. 355). On August 18, 2015, Plaintiff filed a Motion to Set Aside or Stay Judgment or Order Pending Outcome of Appeal, such motion presently pending before this Court. (ECF Doc. 356).  On August 19, 2015, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with respect to judgment orders that included the Court's dismissal of Plaintiff's case and the taxation of costs. (ECF Doc. 358).

**II.**
**Response to Motion to Set Aside**

By filing the Motion to Set Aside or Stay Judgment or Order Pending Outcome of Appeal, (ECF Doc. 356), and contemporaneously presenting materials under seal, (ECF Doc. 357), it appears that Plaintiff is attempting to re-file a motion under Federal Rule of Civil Procedure 59 with respect to the final judgment entered herein in favor of Defendants on May 15, 2015. (ECF Doc. 349). Or, alternatively, the motion seeks relief under: (1) Rule 60 with respect to the aforementioned final judgment of May 15, 2015; or (2) Rule 59(e) with respect to the taxation of costs entered on July 22, 2015. (ECF Doc. 355). In any event, the motion should be denied as outlined below.

A.  Rule 59 Motion:

As to Rule 59(e), a party must file a motion to alter or amend a judgment "no later than 28 days after entry of judgment."  Further, the Seventh Circuit has explained that Rule 59(e) motions may not be used to re-litigate previously argued issues or to present arguments that may have been presented before entry of judgment. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). The only valid grounds for relief under such circumstances are in the context of: (1) newly-discovered evidence; (2) an intervening change in the law; or (3) manifest error in law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).

To the extent this Court interprets Plaintiff's motion as an attempt to re-file the previously-denied motion under Rule 59(e) with respect to the final judgment of May 15, 2015, (ECF Doc. 354), such motion should be denied because it is not timely filed and is moot based upon this Court's prior order.

Or, to the extent the Court interprets Plaintiff's motion as an attempt to alter or amend the taxation of costs herein, the motion must fail because Plaintiff neither objected to the bill of costs

2

filed by Defendants on May 29, 2015, (ECF Doc. 350), nor sought timely review of the clerk's action in accordance with the provisions of Rule 54(d)(1). Rather, Plaintiff simply filed the instant motion in relevant part upon the contention "[t]he amount of costs in Judgment are in error." (ECF Doc. 356, ¶9). Such allegation fails to present either a newly-discovered evidentiary basis or articulated legal basis that would afford relief under Rule 59(e).

Rule 60 Motion:

As to Federal Rules of Civil Procedure 60, relief from a judgment or order under subsection (b) may be provided under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not
> have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on
> an earlier judgment that has been reversed or vacated; or applying it
> prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b)

Rule 60(b) relief is an extraordinary remedy and appropriate only under "exceptional circumstances." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997). Here, Plaintiff has not provided a basis upon which relief may be granted under Rule 60(b). Rather, Plaintiff has simply rehashed the same arguments previously considered and rejected by this Court with respect to the final judgment of May 15, 2015, (ECF Doc. 354), including Plaintiff's assertion that she was not capable of representing herself in the action. The reasons articulated by the Court in previously rejecting such arguments should serve to again deny relief to the reargument contained within the motion. (*See* ECF Doc. 354) (wherein the

Court outlined the reasons that demonstrated Plaintiff had "not demonstrated a manifest error of law or presented newly discovered evidence…").

### III.
### Response to Motion to Stay

With respect to Plaintiff's request for a stay of the judgment "pending outcome of appeal", such relief should be denied because of Plaintiff's failure to comply with the mandates of Federal Rule of Civil Procedure 62. Specifically, in the context of a money judgment, Rule 62 provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond…" Here, Plaintiff has neither posted nor proposed a bond, and under such circumstances, a stay is prohibited under Rule 62(d).

WHEREFORE, based upon the foregoing reasons, Defendants request that the Court deny Plaintiff's Motion to Set Aside or Stay Judgment or Order Pending Outcome of Appeal (ECF Doc. 356).

Respectfully submitted,

WILLIAMS BARRETT & WILKOWSKI LLP

s/ *Daniel J. Layden*
Daniel J. Layden, Attorney No. 22443-79
*Attorney for Defendants Cox and Schmidt*
Atty No. 22443-79
600 North Emerson Avenue
Post Office Box 405
Greenwood, IN 46142
Telephone: (317) 888-1121
Fax: (317) 887-4067
Email: dlayden@wbwlawyers.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the foregoing was filed electronically on this 4th day of September, 2015. Service and notice of the pleading has been distributed to the attorneys of record via the CM/ECF system.  Notice of this filing will be sent via United States Mail, postage paid to the following party of record:

Theresa L. Dukes
P.O. Box 141
Indianapolis, IN 46206

&

Via Email: tdukes500@gmail.com

By:

s/ *Daniel J. Layden*
Daniel J. Layden, Attorney No. 22443-79

*WILLIAMS BARRETT &*
 *WILKOWSKI, LLP*
*600 North Emerson Avenue*
*Post Office Box 405*
*Greenwood, IN 46142*