UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THERESA L. DUKES,                     ) | |
|      *Plaintiff*,                              ) | |
|                                                     ) | |
| *v.*                                              ) | 1:09-cv-1440-JMS-DML |
|                                                     ) | |
| SGT. ERIC COX, *et al.*,                 ) | |
|      *Defendants*.                         ) | |

## **ORDER**

On May 15, 2015, after dismissing Plaintiff Theresa L. Dukes' claims against Defendants with prejudice pursuant to Federal Rules of Civil Procedure 16(f) and 41(b), the Court entered Final Judgment in this action. [Filing No. 348; Filing No. 349.] Presently pending before the Court is Ms. Dukes' second post-judgment motion for relief. [Filing No. 356.] Ms. Dukes reasserts many of the bases for relief raised in her first post-judgment motion, [Filing No. 351], which the Court analyzed pursuant to Federal Rule of Civil Procedure 59(e) and denied on July 22, 2015, [Filing No. 354]. Ms. Dukes also generally challenges the Bill of Costs issued by the Clerk of this Court on July 22, 2015, and asks that collection of those costs be stayed. [Filing No. 356 (referring to Filing No. 355).]

Defendants oppose Ms. Dukes' second post-judgment motion for relief, [Filing No. 365], and also ask the Court to strike certain evidence that Ms. Dukes filed under seal with her motion, [Filing No. 366 (referencing Filing No. 357)].

Ms. Dukes does not identify a Federal Rule of Civil Procedure under which she seeks relief, but a motion filed more than 28 days after the entry of judgment will be treated as a Rule 60(b) motion, regardless of how it is styled. *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). Rule 60(b) allows the Court to relieve a party from a final judgment for the following

reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; 3) fraud, misrepresentation or misconduct by an opposing party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged; or 6) any other reason that justifies relief. Fed. R. Civ. Pro. 60(b).

Relief under Rule 60(b) is "an extraordinary remedy." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A Rule 60(b) motion "is designed to allow modification in light of factual information that comes to light only after the judgment, and could not have been learned earlier." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). "A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal." *Id.*; *see also Russell*, 51 F.3d at 749 (emphasizing that Rule 60(b) "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law").

The majority of Ms. Dukes' second post-judgment motion is identical to her first post-judgment motion. [*Compare* Filing No. 351 *to* Filing No. 356.] To the extent that Ms. Dukes' pending motion asks the Court to reconsider its decision to deny her first post-judgment motion because she believes it was wrong, [Filing No. 351], that is not within the scope of a proper Rule 60 motion, *Glesh*, 308 F.3d at 761, and the Court stands on its prior decision, [Filing No. 354]. To the extent that Ms. Dukes' sealed submission is an attempt to submit new evidence regarding her medical condition, [Filing No. 357], she does not reference that submission in her pending motion. Nor does she explain how a heavily-redacted email from an unidentified doctor related to unspecified conditions that post-date the critical dates previously set for final pre-trial and trial entitles her to the extraordinary relief of Rule 60(b). Because Ms. Dukes did not develop any argument

regarding the submitted materials, the Court need not address them further and Defendants' Motion to Strike is **DENIED**.  [Filing No. 366.]

Ms. Dukes' motion also makes a cursory challenge to the Clerk's entry of a Bill of Costs totaling $9,279.05 on July 22, 2015.  [Filing No. 355.]  Without elaboration, Ms. Dukes asserts that "[t]he amount of costs in Judgment are in error."  [Filing No. 356 at 2.]  Not only does Ms. Dukes fail to develop any argument to rebut the strong presumption that the prevailing party will recover costs, *Park v. City of Chicago*, 297 F.3d 606, 617 (7th Cir. 2002), but she failed to challenge the Clerk's action within 7 days, as is required by Federal Rule of Civil Procedure 54(d)(1).  To the extent Ms. Dukes seeks a stay of the collection of costs, she has not filed a bond as is required by Rule 62(d).

For the reasons detailed herein, Ms. Dukes' Motion to Set Aside or Stay Judgment or Order Pending Outcome of Appeal, [Filing No. 356], and Defendants' Motion to Strike Sealed Document, [Filing No. 366], are **DENIED**.  The Court notes that Ms. Dukes filed a Notice of Appeal on August 19, 2015, [Filing No. 358], and that her appeal is proceeding before the Seventh Circuit Court of Appeals.

Date: September 18, 2015

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail**:

THERESA L. DUKES
P.O. Box 141
Indianapolis, IN 46206

**Distribution via ECF only**:

Kelly J. Pautler
INDIANA ATTORNEY GENERAL
kelly.paulter@atg.in.gov

- 4 -

April Ann Wilson
OFFICE OF THE ATTORNEY GENERAL
April.Wilson@atg.in.gov


Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Michelle L Findley
WILLIAMS, BARRETT, & WILKOWSKI, LLP
mfindley@wbwlawyers.com