```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION

THERESA L. DUKES,            )
                             )
        Plaintiff,           )
                             )
vs.                          ) CAUSE NO. 1:09-cv-1440-JMS-DML
                             ) Indianapolis, Indiana
SGT. ERIC COX, et al.,       ) Wednesday, December 3, 2014
                             ) 3:33 o'clock p.m.
        Defendants.          )

                            Before the
                  HONORABLE JANE MAGNUS-STINSON

                 TRANSCRIPT OF MOTION TO CONTINUE

APPEARANCES:
FOR THE PLAINTIFF:      Pro Se
                        By:  Theresa L. Dukes
                        P.O. Box 141
                        Indianapolis, Indiana 46206


FOR THE DEFENDANT       Indiana Attorney General
JEFF SEGO:              By:  Kelly J. Pautler and
                        April Ann Wilson
                        302 West Washington Street
                        IGCS, Fifth Floor
                        Indianapolis, Indiana 46204


FOR THE DEFENDANTS      Williams Barrett & Wilkowski, LLP
SGT. ERIC COX and       By:  Daniel Joseph Layden
JOE SCHMIDT:            600 North Emerson Avenue
                        P.O. Box 405
                        Greenwood, Indiana 46142


ALSO PRESENT            Vegeler Law Office LLC
BY TELEPHONE:           By:  Robert Owen Vegeler and
                        Jill Harris, Paralegal
                        110 West Berry Street, Suite 1200
                        Fort Wayne, Indiana 46802


COURT REPORTER:         Jean A. Knepley, RDR, CRR, CCP, FCRR
                        46 East Ohio Street, Room 309
                        Indianapolis, Indiana 46204

             PROCEEDINGS TAKEN BY MACHINE SHORTHAND
                  COMPUTER-AIDED TRANSCRIPTION
```

1                    (In open court.)

2          THE COURT:  Thank you.  We are here on 1:09-cv-1440,
3 Theresa L. Dukes v. Eric Cox, Joe Schmidt, and Jeff Sego.  Miss
4 Dukes is present in person.  The Defendants are present by
5 attorneys Daniel Layden, Kelly Pautler, and April Wilson.  Are
6 you representing different people?  Remind me, are you all
7 representing all of them?

8          MR. LAYDEN:  Yes, Your Honor.  I am Mr. Layden.  Our
9 firm represents the Johnson County Defendants Eric Cox and Joe
10 Schmidt.

11         THE COURT:  All right, thank you.

12         MR. LAYDEN:  Yes, Your Honor.

13         MS. WILSON:  Your Honor, my name is April Wilson.  To
14 my right is Kelly Pautler from the Indiana Attorney General's
15 office.  We represent the Defendant, Jeff Sego.

16         THE COURT:  Okay.  Thank you, and then on the phone
17 is Mr. Vegeler?

18         MR. VEGELER:  Yes, Your Honor.  I am here with my
19 paralegal, Jill Harris, who is present because she was
20 mentioned in the emergency motion filed by Ms. Dukes if you
21 need her.

22         THE COURT:  I appreciate that.  Let's turn to that
23 motion.  Ms. Dukes, could you state the basis for your
24 emergency motion to continue?

25         THE PLAINTIFF:  Yes, Your Honor.

```
 1              THE COURT:  Ma'am, is your microphone on?
 2              THE PLAINTIFF:  Yes, ma'am.
 3              THE COURT:  There it is.  Go ahead.
 4              THE PLAINTIFF:  The basis for my motion to continue
 5   is that I was in a position where I was forced to terminate my
 6   counsel, Mr. Vegeler.  Mr. Vegeler was ill and was not
 7   functioning as my attorney and the work was not getting done.
 8   The preparation, communications with him had become impossible,
 9   and apparently he has not prepared or communicated with the
10   expert witnesses that you know of in my case.  And then there
11   are other witnesses that were supposed to be located.
12              There were a number of things that were supposed to
13   be done to prepare my case for trial; and actually, the
14   litigation before that, there were discovery issues that were
15   supposed to be dealt with.  And he -- in trying to communicate
16   with him, speak with him over the phone, e-mail him, it just
17   became untenable.  Excuse me.
18              THE COURT:  He has since withdrawn and with your
19   consent.  I mean, you terminated his representation, and I
20   recognize what you are saying.  There were two specific doctors
21   that were mentioned in Paragraph 8 of your motion, Dr. George
22   Nichols and Dr. CT Fletcher, and you represent in Paragraph 9
23   that Dr. Nichols is not available for the scheduled trial date.
24   And then you indicate Dr. Fletcher is currently located out of
25   state in Texas.
```

1      My question for Dr. Fletcher is, does he live in
2  Texas?
3      THE PLAINTIFF:  I am not sure.  I know that he -- at
4  the time he treated me he resided in Indiana and was a
5  physician at the Methodist Hospital ER.  Since his retirement,
6  I am not exactly sure if he is a resident of Indiana or Texas.
7  But apparently his elderly mother lives in Texas, and he spends
8  time with her in Texas.  To my knowledge he doesn't even
9  have -- I can't even mail him a letter through the United
10 States postal service.  He does not have a valid mailing
11 address.  I have mailed him letters, and they are returned.
12     THE COURT:  How is Mr. Vegeler to blame for that?
13     THE PLAINTIFF:  Um --
14     THE COURT:  This may be an unfortunate circumstance,
15 but how is it a circumstance that is ever going to change?
16     THE PLAINTIFF:  I didn't say the circumstance was
17 never going to change, and I didn't say that Mr. Vegeler's
18 responsibility -- because there is ways to contact
19 Dr. Fletcher.  No. 1, he has a cell phone; two, he has an
20 e-mail address.  That is how I have been able to contact him.
21     THE COURT:  All right.  But my questioning concerning
22 his residence -- when you contact him by e-mail or phone, what
23 does he say about where he lives?
24     THE PLAINTIFF:  I never specifically asked him what
25 his legal residence is.

1    THE COURT: It is important because he may well be
2 beyond the Court's subpoena power; in other words, even if sent
3 a subpoena, he wouldn't have to honor it because he is beyond
4 our subpoena power. So that is important about his
5 availability as a witness. So what I am trying to gauge here,
6 just so you know, Ms. Dukes -- let me just ask him.
7    Mr. Vegeler or Miss Harris, did you undertake to
8 contact Dr. Fletcher?
9    MR. VEGELER: I personally talked to him on the phone
10 two or three times. His mother is dying in Texas.
11    THE COURT: Okay.
12    MR. VEGELER: And so he was going to be there until
13 April 1st. He was coming back to Indiana for some professional
14 issues or something in December, and he told me he does have, I
15 believe, a residence in either Fishers or Carmel.
16    THE COURT: Okay.
17    MR. VEGELER: He did not give me that address because
18 we were communicating by cell phone. So that is the last time
19 I talked to him.
20    THE COURT: Did you advise him of the January trial
21 date?
22    MR. VEGELER: Yes, and I was talking to him about
23 taking his video deposition for evidentiary purposes. I
24 noticed Mr. Layden about that possibility, but that is all the
25 further it got.

1     THE COURT: Was there ever any objection, Mr. Layden,
2 on your part to doing a video dep?
3     MR. LAYDEN: We did, Your Honor. We had an objection
4 to a video deposition.
5     THE COURT: Why? It seems to me, you know, it is
6 going to be -- you are not going to have it both ways,
7 objecting to the video and objecting to the continuance.
8     MR. LAYDEN: We don't intend to object to the
9 continuance. Our objection, Your Honor, was with respect to
10 the fact that we thought he was a resident of Indiana and could
11 be subpoenaed.
12     THE COURT: I think the Court's practices and
13 procedures it is the Court's practice that a treating physician
14 is deemed unavailable. Doctors generally don't appear live,
15 but if he will appear live, that is all well and good. So you
16 don't object to -- I thought you objected to the motion to
17 continue, no?
18     MR. LAYDEN: No, Your Honor. Not less than four
19 months ago we asked for the same thing, which was, as for
20 resetting based on the unavailability of an expert witness.
21     THE COURT: All right. So Mr. Vegeler, your position
22 is he was available as of April 1 he said?
23     MR. VEGELER: Yes. He told me April 1 he would be
24 back in the State of Indiana.
25     THE COURT: And do you have any contrary information,

Case 1:09-cv-01440-JMS-DML Document 373 Filed 11/30/15 Page 7 of 13 PageID #: 4608

7

```
 1  Ms. Dukes?
 2          THE PLAINTIFF:  No, I do not.
 3          THE COURT:  So if we set the trial after April 1,
 4  then he should be available.
 5          THE PLAINTIFF:  I assume so, yes, ma'am.
 6          THE COURT:  If you are not objecting to the
 7  continuance, then let me say this.  We will go ahead and grant
 8  it, and I am going to set the case for trial one more time.
 9  You are not represented anymore, so any trial preparation, Ms.
10  Dukes, is on you.  And I am not going to continue the next
11  trial date if you get a new lawyer.  If you get a new lawyer,
12  you have to tell the new lawyer you have to be ready by April.
13  You understand?
14          THE PLAINTIFF:  Yes, ma'am.
15          THE COURT:  Let's look at a date.  Do counsel have
16  their calendars there, and do you have your calendar, Ms.
17  Dukes?
18          MR. LAYDEN:  If I may, Your Honor, just based on the
19  historical events, we certainly have an expert we have to
20  consult his calendar.  We also have, I think given the April
21  timing, probably -- I know I have one client, who is Mr. Cox,
22  who has a previously scheduled vacation.  If at all possible
23  would it be possible to obtain dates and then have a resetting
24  telephone conference just so we all land on a date and don't
25  have to reset it?
```

```
 1             THE COURT:  That is fine.
 2             MR. LAYDEN:  Okay.  I am just worried, because I know
 3   we have experts.  I am sure Ms. Dukes would like to check with
 4   Dr. Nichols.
 5             THE COURT:  We know she has experts too.  Hold on.
 6             THE PLAINTIFF:  Yes, ma'am, I agree with that.
 7             THE COURT:  Okay.
 8             I am trying to check out something on a case.
 9   Michelle, the parties are looking for dates in April for this
10   case to be reset for trial.
11             THE CLERK:  Okay.
12             THE COURT:  I am looking at the 13th.  How many days
13   for this case?
14             MR. LAYDEN:  I would think four.  I don't know how
15   many witnesses Ms. Dukes has.
16             THE PLAINTIFF:  Your Honor, I have no way of knowing
17   that.
18             THE COURT:  Well, I have to have a time period, and
19   you are going to have a time period because you are going to
20   have to schedule your witnesses, and he is going to have to
21   schedule his experts.  I will set it for four days.  You should
22   tell your witnesses to be here, Ms. Dukes -- if you want to
23   make sure, probably the Tuesday or whatever week we set would
24   be a good day to put them on, all right?
25             THE PLAINTIFF:  Okay.  So does that mean the trial
```

1  starts on Monday?
2          THE COURT:  Yes.  The trial will start on Monday.
3          THE CLERK:  April 13th.
4          THE COURT:  They want some alternative dates because
5  they have these experts that they are dealing with.
6          THE CLERK:  All right.  Nothing on April 27.
7          THE COURT:  April 27th would be another good day.
8          THE CLERK:  April 20th.
9          THE COURT:  April 13th, 20th, and 27th for a start
10 date.  We will put that in an entry, and then Michelle, they
11 want to call back for scheduling conference.  You can handle
12 that and pick the date and then we will issue an order.
13         THE CLERK:  In December, scheduling conference?
14         THE COURT:  Yes, with you.
15         THE CLERK:  Okay.
16         THE COURT:  So let's set that in like two weeks.  You
17 can call the Court in two weeks at the same time, all right?
18 What day and time?
19         THE CLERK:  December 17 at 9:00 a.m.
20         THE COURT:  Call December 17th at 9:00 a.m.  Are you
21 all conferring in the meantime?  Can you contact -- Ms. Dukes,
22 are you guys in communication?  Counsel?
23         MR. LAYDEN:  As to a date to confer?
24         THE COURT:  Yes.
25         MS. WILSON:  Yes, Your Honor.

1           THE COURT:  To the extent that you guys can work it
2    out.
3           MR. LAYDEN:  I have an e-mail address.  Is that
4    e-mail address still acceptable to you?
5           THE PLAINTIFF:  Yes.  I recently sent you a response
6    from it.
7           THE COURT:  Is that all right?
8           THE PLAINTIFF:  To coordinate.
9           THE COURT:  Hopefully you can coordinate a date that
10   works well with all of the witnesses, given those three
11   potential dates.
12          THE PLAINTIFF:  Yes, Your Honor.
13          THE COURT:  All right, but then that is it.  We are
14   going to trial, all right?
15          You mentioned something about discovery.  Discovery
16   has been closed in the case, so I am not sure what you mean by
17   discovery.  But just to kind of keep the case on track, we will
18   ask the magistrate judge to set a pretrial or status conference
19   maybe in February to see where things are, all right?
20          Mr. Vegeler, I think we are done.
21          MR. VEGELER:  Am I dismissed, Your Honor?
22          THE COURT:  You are dismissed.  Thank you to you and
23   Miss Harris.
24          MR. VEGELER:  Thank you.
25             (Mr. Vegeler hung up the phone.)

1    THE COURT:  There is enough time between now and
2 April, Ms. Dukes, that the Court considers you able to
3 adequately prepare even on your own for the trial.  All right?
4    THE PLAINTIFF:  Yes, ma'am.
5    THE COURT:  There is something that I am trying to
6 see.  I am concerned that because of the interruption of the
7 case that the case management deadlines that apply -- we sort
8 of require in the case management plan two versions of a final
9 witness list.  One is sort of what we call a final witness
10 list, and then several weeks before trial we require you to
11 file a trial witness list which can only be, at most, the same
12 list or at least a subset of the same list.  And I am not
13 seeing that those, any kind of list has been filed.
14    MR. LAYDEN:  If I may, Your Honor, I think because of
15 the various interruptions, I don't think there was ever a final
16 witness and exhibit list.
17    THE COURT:  I am going to order the parties to file a
18 final exhibit list by December the 17th and a final
19 exhibit list detailing what the exhibits are.
20    MR. LAYDEN:  Would that also include witness and
21 exhibit lists?
22    THE COURT:  Witness and exhibit lists.
23    MR. LAYDEN:  Great.  Thank you.
24    THE COURT:  I do believe discovery is closed.  So
25 there cannot be -- and I wouldn't think there would be -- the

Case 1:09-cv-01440-JMS-DML Document 373 Filed 11/30/15 Page 12 of 13 PageID #: 4613

12

1   addition of anybody who hasn't been identified, so.
2              THE PLAINTIFF:  Your Honor, may I say something?
3              THE COURT:  Yes.
4              THE PLAINTIFF:  May I ask for that witness list and
5   exhibit list to be given an extra 30 days so that I can have
6   counsel prepare that?
7              THE COURT:  I won't give you an extra 30 days.  I
8   will give you 30 days from today's date, a little more than 30
9   days.  Everybody then can file their witness and exhibit lists
10  by January, that -- let's ask Judge Lynch to do some sort of a
11  status conference in February just to make sure that doesn't
12  result in the filing of those witness and exhibit lists don't
13  create any problems, okay?
14             THE PLAINTIFF:  Thank you.
15             THE COURT:  Is there anything further, Ms. Dukes,
16  right now?
17             THE PLAINTIFF:  Not now.
18             THE COURT:  For the Defendants?
19             MR. LAYDEN:  No, Your Honor.
20             THE COURT:  Mr. Sego, Defendant Sego, who represents
21  Defendant Sego?
22             MS. WILSON:  We do.
23             THE COURT:  You do.  All right.  Thank you.
24             All right then, very good.  Thank you, and we will --
25  you will talk to Michelle in a couple of weeks and we will look

13

forward to getting those lists and we have a conference after the 17th.

    MR. LAYDEN:  Thank you, Your Honor.

    THE CLERK:  All rise.

    (Concluded at 3:51 o'clock p.m.)

    - - -

CERTIFICATE OF COURT REPORTER

I, Jean A. Knepley, hereby certify that the foregoing is a true and correct transcript from reported proceedings in the above-entitled matter.

/S/ Jean A. Knepley    November 25, 2015
JEAN A. KNEPLEY, RDR/CRR/CCP/FCRR    Date
Official Court Reporter
Southern District of Indiana
Indianapolis Division